In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00008-CV


______________________________




VERDELL BARNES, Appellant



V.



SANDY CENTER MARKET, INC., Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 686-04




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Verdell Barnes has filed an appeal from the trial court's order dated December 18, 2006,
dismissing his case for want of prosecution. The clerk's record was filed in this Court January 22,
2007. Barnes's brief was, therefore, due February 21, 2007. See Tex. R. App. P. 38.6. 

 On March 15, 2007, we contacted Barnes's counsel, Robert D. Bennett, by letter, reminding
him that the brief was overdue and that we had not received a reasonable explanation for his failure
to file the brief. We also warned Bennett that, if we did not receive the brief by March 30, 2007, we
would dismiss the appeal for want of prosecution. See Tex. R. App. P. 42.3(b), (c).

 On March 29, 2007, we received a motion for extension of time to file the brief. That motion
was overruled on April 3, 2007. To date, no brief has been filed.

 We dismiss the appeal for want of prosecution.

 


 Bailey C. Moseley

 Justice


Date Submitted: April 16, 2007

Date Decided: April 17, 2007



onths. His appeal challenges the legal and factual sufficiency
of the evidence.
Facts
            Jessica Diane Zachary testified that she was the assistant manager of a Dollar Store and that,
on the day in question, Sutor and a female entered the store and began placing merchandise in
shopping carts. While Zachary was registering all of the items at the checkout, she allowed them
to begin to take the merchandise to the car. Sutor began placing items in the car. After all items
were loaded into the car, the female began to present a check to Zachary for payment, and Sutor left
the store. The female did not have proper identification to accompany the check, and Zachary told
her that, without proper identification, she could not accept the check. At that time, the female left
the check and opened the door and loudly said, "We're going to have to bring all that stuff back in,"
and began to walk out of the store. She appeared to direct the statement to Sutor. The doors of the
store are directly in front of the counter, with the parking lot to the left. The female opened the door
and faced toward their vehicle when she made the statement. Zachary obtained a pen and paper and
walked out to the car. As "they were driving off," she got the license plate number. The total
amount of merchandise taken was $427.59. When the female made the statement that it was
necessary to return the merchandise, Sutor was outside the store and Zachary did not know where
he was at that time.
Sufficiency of the Evidence
            Sutor contends there is legally and factually insufficient evidence for the court to conclude
beyond a reasonable doubt that he was either the primary actor or that he was criminally responsible
as a party for the acts of the female. Sutor argues that the State's evidence shows only that the female
knew the check was rejected and that there is no evidence Sutor had the intent to promote or assist
in the commission of this offense.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            The State argues Sutor was properly found to be responsible as a party to the offense. To
prove Sutor was a party, the State had to prove Sutor committed an act, which solicited, encouraged,
directed, aided, or attempted to aid in the commission of the theft. See Tex. Pen. Code Ann.
§ 7.02(a)(2) (Vernon 2003). The evidence must show that, at the time of the offense, the parties
were acting together, each contributing some part toward the execution of the common purpose. 
Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). In determining whether a defendant
participated in an offense as a party, the court may examine the events occurring before, during, and
after the commission of the offense, and may rely on the actions of the defendant which show an
understanding and common design to commit the offense. Beier v. State, 687 S.W.2d 2, 4 (Tex.
Crim. App. 1985). Mere presence at the scene of a crime is not alone sufficient to prove that a
person is a party to the offense, although it is a circumstance tending to prove guilt, which, combined
with other facts, may suffice to show that the accused was a participant. Beardsley v. State, 738
S.W.2d 681, 685 (Tex. Crim. App. 1987); Barnes v. State, 62 S.W.3d 287, 297 (Tex. App.—Austin
2001, pet. ref'd). To establish liability as a party, in addition to the illegal conduct by the primary
actor, it must be proven that the secondary actor harbored the specific intent to promote or assist in
the commission of the offense. Barnes, 62 S.W.3d at 296; Pesina v. State, 949 S.W.2d 374, 382
(Tex. App.—San Antonio 1997, no pet.). The accused must know that he or she is assisting in the
commission of an offense. Pesina, 949 S.W.2d at 382.
            In this instance, Sutor could only be convicted as a party. As such, the State was required
to prove the theft, plus an act by Sutor done with the specific intent to promote or assist in the
commission of theft.
            This is where the evidence fails. There is no evidence that Sutor did any act with an intention
to promote or assist a theft or that he knew he was assisting in the commission of an offense. 
            Reviewing the evidence that is most favorable to the verdict, we find that Sutor and a female
loaded merchandise into shopping carts and, with permission of the clerk, took the merchandise to
a vehicle. As the female was attempting to write a check for payment, Sutor left the premises. There
is no evidence Sutor ever knew the clerk rejected payment by the check. The only evidence in that
regard concerns the female shouting from inside the store that the merchandise had to be returned. 
The clerk acknowledged she did not know where Sutor was at that time. There is no evidence as to
where either Sutor or the car was located in relation to the store or to the female when she made the 
statement. There is no evidence as to the size of the parking lot that might allow an inference Sutor
heard the remark. None of Sutor's other actions show any intent to assist in the commission of a
theft. There is no evidence as to which of the parties was driving the vehicle. There is no evidence
of any actions showing the parties had an understanding or design to commit theft. After reviewing
the relevant evidence in the light most favorable to the verdict, we have determined that a rational
trier of fact could not have found beyond a reasonable doubt the essential elements to convict Sutor
as a party to the offense. 
            We find that the evidence is legally insufficient, and we reverse the judgment and render a
judgment of acquittal.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 1, 2004
Date Decided:             June 2, 2004

Do Not Publish