Jon **FLEENER**, Appellant,

v.

June **WILLIAMS**, Appellee.

No. 01–00–00262–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 2001.

Don W. Bush, Christopher Scott Smith, Bush, Lewis & Roebuck, Beaumont, for Appellant.

J.D. Bashline, McLeod, Alexander, Powell & Apffel, Houston, Kenneth J. Bower, McLeod, Alexander, Powell & Apffel, P.C., Galveston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

ADELE HEDGES, Justice.

This is a personal injury case arising from an automobile accident. The trial court rendered summary judgment based on the statute of limitations. We affirm.

### Background

On May 4, 1996, plaintiff/appellant, Jon Fleener, was in an automobile accident with defendant/appellee, June Williams. Williams was driving a car that had been rented in her mother's name, Una Williams. Fleener sued the mother, Una Williams, within the limitations period, on April 30, 1998. On March 4, 1999, ten months after the limitations period had expired, Fleener amended his petition to add June Williams as the proper defendant. Fleener then nonsuited Williams's mother.

The trial court rendered summary judgment for Williams based on the statute of limitations. On appeal, Fleener contends that the statute of limitations should have been tolled. We disagree.

### Standard of Review

To prevail on a motion for summary judgment, a defendant must establish that no material fact issue exists and that she is entitled to judgment as a matter of law. *See Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex.1999). A defendant who moves for summary judgment on the basis of an affirmative defense has the burden to prove conclusively all the elements of the affirmative defense as a matter of law. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). In

conducting our review of the summary judgment, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *See id.*

### Statute of Limitations

In his sole point of error, Fleener contends that the statute of limitations should have been tolled because a fact issue existed about whether Williams was cognizant of the lawsuit and the facts involved, and whether she was not misled or placed at a disadvantage in preparing her defense.

The statute of limitations for a tort claim is two years after the day the cause of action accrues.[1] The limitations period in this case began on May 4, 1996, the date of the accident. It is undisputed that Fleener sued Williams on March 4, 1999, ten months after the limitations period expired. Thus, Fleener sued the wrong defendant (Williams's mother) within the limitations period, but did not sue the correct defendant (Williams) until the limitations period expired.

Fleener concedes that this is a case of "misidentification," which occurs when two parties have the same or similar names, and the plaintiff sues the wrong party. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex.1990).[2] Generally, the statute of limitations is not tolled in a misidentification case. *See id.* at 5. Fleener argues, however, that the statute of limitations should have been tolled based on the principles stated in *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975).

In *Hilland*, the plaintiff timely sued the wrong defendant (Continental Trailways, Inc.), but did not sue the proper defendant (Continental Southern Lines, Inc.) until after the limitations period expired. *Id.* at 829. The supreme court concluded that the bus companies "made a conscious effort to make it appear to the public and to their customers" that they were Continental Trailways. *Id.* at 830. Given the confusion, the plaintiff was given an opportunity to prove that the proper defendant "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Id.* at 831. The *Hilland* rule provides that a plaintiff, who misidentified a defendant, may escape the statute of limitations by proving that the defendant suffered no prejudice. *Id.*

Since *Hilland*, the supreme court has implied an additional requirement that a business relationship must exist between the erroneously named defendant and the correct defendant. *See Enserch*, 794 S.W.2d at 6 (applying *Hilland* because "the necessary business relationship exists"); *Matthews Trucking Co., Inc. v. Smith*, 682 S.W.2d 237, 239 (Tex.1984) (not applying *Hilland* because there was "no business connection or relationship between the two companies"); *see also Cummings v. HCA Health Servs., Inc.*, 799 S.W.2d 403, 406 (Tex.App.—Houston [14th] 1990, no writ).

Fleener argues that the business relationship requirement is merely dicta. He urges this Court to extend the *Hilland* rule to individual defendants. However, he does not cite a single Texas case holding that the *Hilland* rule applies to individuals, and he conceded at oral argument that he was unaware of any such authority.

---

1. Act of May 27, 1995, 74th Leg., R.S., ch. 739, § 2, 1995 Tex. Gen. Laws 3850, 3850 (former Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a), since amended).

2. This is not a "misnomer" case, which occurs when a plaintiff sues the correct defendant, but merely misnames him. *See Enserch*, 794 S.W.2d at 4.

Instead, Fleener relies on *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex. 1975), a personal injury case arising from a car accident. The passenger filed suit within the two-year limitations period, improperly naming the defendant as the "estate" of the driver. *Id.* at 691. The court noted that the estate was not the proper defendant because a decedent's estate is not a legal entity and may not properly sue or be sued. *Id.* Three years later, the passenger amended the petition to name the temporary administrator as the proper legal defendant. *Id.* The court held that the suit was not barred by the statute of limitations. *Id.* at 692.

*Price* is distinguishable, however. The plaintiff in *Price* timely served the temporary administrator—who answered for the "estate" and participated in all case proceedings—but merely misstated the capacity in which the administrator was served. *See id.* In the present case, June Williams, the proper defendant, was not served until after the limitations period expired, and the capacity in which she was served was not an issue.

*Hilland* is likewise distinguishable. The underlying premise in *Hilland* was that related business entities "made a conscious effort" to confuse the public by appearing to be the same bus company. *See Hilland*, 528 S.W.2d at 830. Absent unusual circumstances, this issue does not arise in cases concerning misidentification of individuals. In this case, there was no use of a trade name and nothing to suggest that June Williams and her mother ever held themselves out to the public as the same person.

The facts in this case are analogous to *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. Civ.App.—Corpus Christi 1980, no writ), in which a car accident victim mistakenly named the intended defendant's father as the defendant in his original petition. The plaintiff did not amend his petition to name the proper defendant until after limitations expired. *Id.* at 741. The court held that the *Hilland* rule did not apply, and, therefore, declined to extend the "lack of prejudice" exception to individual defendants. *Id.* at 742.

Similarly, we see no compelling policy reason to extend the *Hilland* rule to misidentification of individual defendants. *See id; see also Cortinas v. Wilson*, 851 S.W.2d 324, 327 (Tex.App.—Dallas 1993, no writ).

The sole point of error is overruled.

### Conclusion

We affirm the judgment of the trial court.

Justice COHEN concurring.

COHEN, Justice, concurring.

In law, there are many "bright-line" rules. A "bright line" rule generally means that a rule is unambiguous, without exception, and certain in the consequences of noncompliance. Although it has a few exceptions,[1] the statute of limitations qualifies as such a rule. The advantage of such a rule is efficiency and predictability. The rule is "fair" in the sense that its unambiguous and inflexible nature means there can be no confusion about what is required. One complies or else.

Many Bright-line rules set time deadlines, and they are rigorously enforced. Despite their systemic advantages, such rules often cause a party to lose its entire lawsuit for an error that caused no harm at all to anybody. This is such a case.

---

1. Exceptions include the discovery rule, minority, unsound mind, misnomer, and the rule in Continental *Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975).

Una Williams promptly told her daughter of the suit and promptly retained counsel, the same counsel who represented her daughter. These facts are common, especially when, as here, both Una and June are probably covered by the same insurance policy. Therefore, we can be confidant that the purpose of the statute of limitations was achieved—the right defendant, June Williams, had notice in time to preserve evidence and to avoid having to defend a stale claim. Despite that, Fleener loses.

The rule Fleener urges would require trials within trials of the actual notice issue, often with muddled facts, similar to what now occurs in discovery rule cases. I agree with the majority that Texas law does not presently permit that, even though the loss of Fleener's claim under these circumstances seems like excessive punishment and the benefit to Williams seems like a windfall. Appellant's counsel has filed a well-researched brief strongly arguing that the many cases denying relief in this circumstance are either distinguishable, infected with *obiter dictum*, or flat wrong. In some respects, I agree. But the cases are too many and too similar for him to prevail, at least in an intermediate appellate court where, as a general rule, we must take the law as we find it.

With these thoughts, I join the majority's opinion and judgment.