**Angela NOLAN, Appellant,**

v.

**Dennis HUGHES, Operating Under Assumed Name "Rolando's Mexican Grill" a/k/a "Rolando's Mexican Restaurant," Appellee.**

No. 05–10–00481–CV.

Court of Appeals of Texas, Dallas.

Aug. 29, 2011.

Patricia Jenkins Matassarin, Canyon Lake, TX, for Appellant.

Randall G. Walters, Jason L. Wren, Walters, Balido & Crain, L.L.P., Mark E. Stradley, Stradley & Wright, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice MOSELEY.

This is an appeal of a summary judgment based on limitations. We consider: (1) whether the original petition of appellant, Angela Nolan, was sufficient to sue appellee Dennis Hughes even though it did not name him; or, in the alternative, (2) whether Nolan's amended petition, which did name Hughes, related back in time to the filing of her original petition. Because we answer both questions in the negative, we affirm the trial court's judgment.

## I. BACKGROUND

For purposes of this appeal, it is undisputed that Nolan was injured on March 22, 2007, when a server spilled hot food on her arm at a Mexican food restaurant in Farmersville. Thus, Nolan was required to bring suit for her personal injuries resulting from the spill not later than March 22, 2009, two years after her cause of action accrued. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (West Supp. 2010); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990) (cause of action accrues when "the wrongful act effects an injury").

Nolan filed suit on March 20, 2009, two days before the statute of limitations deadline. Her original petition named as defendants Rolando Lopez and Linda Lopez,

owners/operators of "Rolando's Mexican Restaurant" a/k/a "Rolando's Mexican Restaurant and Club." Pertinent to this appeal, she alleged that: (1) when she was injured, the Lopezes were the owners and operators of the restaurant commonly known as "Rolando's Mexican Restaurant" in Farmersville; (2) subsequent to her injury, the Lopezes sold the restaurant to another individual; and (3) at the time Nolan filed suit, the Lopezes owned and operated "another branch restaurant" called "Rolando's Mexican Restaurant" a/k/a "Rolando's Mexican Restaurant and Club" in Bonham where they could be served with suit.

A little over a month later, on April 23, 2009, Nolan amended her petition to name as an "alternative/additional" defendant Dennis Hughes, operating under the assumed name " 'Rolando's Mexican Grill' a/k/a 'Rolando's Mexican Restaurant.' " She alleged she was injured in the "Rolando's Mexican Restaurant" a/k/a "Rolando's Mexican Grill" in Farmersville. As in her original petition, she alleged the Lopezes owned and operated the restaurant in Farmersville when she was injured. "Alternatively/additionally," she alleged that on the date she was injured Hughes operated the restaurant under the assumed names of "Rolando's Mexican Restaurant a/k/a Rolando's Mexican Grill." [1]

Hughes filed a First Amended Original Answer in which he, in part, pleaded the defense of limitations. Subsequently, he moved for summary judgment on grounds that Nolan's suit against him was filed one month beyond the limitations period and thus time-barred. Hughes asserted that the evidence established that Nolan sued and served the wrong defendant with a similar name, i.e., the Lopezes, owners/operators of "Rolando's Mexican Restaurant" a/k/a "Rolando's Mexican Restaurant and Club" in Bonham, and that Nolan sued Hughes after limitations had run. He argued that the evidence presented a case of "misidentification," in that two separate legal entities with similar names existed and the plaintiff sued the wrong one because she was mistaken which entity was the correct one. As a result, he contended the statute of limitations on any claims of Nolan against him was not tolled by her original petition.

Hughes supported his motion with evidence. That evidence included a Collin County "assumed name certificate" dated September 12, 2006, showing he was the proprietor of "Rolando's Mexican Grill" in Farmersville. He also relied on his affidavit, in which he said he operated "Rolando's Mexican Grill" in Farmersville; he never had an interest in the restaurant that the Lopezes owned and operated in Bonham; there had never been any contacts between the two different restaurants/owners; and there had never been any business relationship between the two restaurants/owners. He said that he had no notice of this suit until he was served on April 25, 2009.

Nolan filed a response to Hughes's motion, but filed no additional summary judgment evidence. The trial court granted Hughes's amended summary judgment motion without stating the grounds on which he relied. Subsequently, the trial court severed the cause of action against Hughes and entered final judgment in his favor. This appeal followed.

## II. SUMMARY JUDGMENT

Nolan's single issue on appeal states: "Did Angela Nolan bring suit within the statute of limitations?"

1. Nolan also named as an alternate defendant "Santa Cruz" a/k/a "Santos Cruz" a/k/a "Santa Lopez"; Santa Cruz is not a party to this appeal.

## A. Standard of Review and Applicable Law

■ The statute of limitations is an affirmative defense. Tex.R. Civ. P. 94; *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that defense's elements. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997) (per curiam). In reviewing a trial court's summary judgment, we resolve all doubts against the movant, and we view the evidence in the light most favorable to the nonmovant. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). Additionally, in determining whether a disputed material fact issue exists, we take as true evidence favorable to the nonmovant. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). If a movant does establish that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See Woods,* 769 S.W.2d at 518.

■ Ordinarily " 'an amended pleading adding a new party does not relate back to the original pleading' " to determine whether it is timely to avoid limitations. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey,* 332 S.W.3d 395, 400 (Tex.2011) (quoting *Alexander v. Turtur & Assocs., Inc.,* 146 S.W.3d 113, 121–22 (Tex.2004)). But there are exceptions: "Misnomer is an exception, misidentification a more limited one." *Id.* Misnomer arises when a plaintiff sues the correct entity but misnames it. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999) (citing *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990)). Misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. *Id.; Enserch Corp.,* 794 S.W.2d at 4–5. In misidentification cases, however, limitations may be tolled when a plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *See Chilkewitz,* 22 S.W.3d at 830; *see Flour Bluff Indep. Sch. Dist. v. Bass,* 133 S.W.3d 272, 273 (Tex.2004) (per curiam) (same).

■ In the absence of special exceptions, we construe a petition liberally in favor of the pleader.[2] *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied). We consider the petition as a whole in determining who is being sued. *Id.*

## B. Discussion

■ Hughes's summary judgment evidence showed conclusively that he, not the Lopezes, owned and operated the restaurant in Farmersville named "Rolando's Mexican Grill" on the day Nolan was injured, and that there are two separate legal entities, Hughes and the Lopezes, involved in similar sounding businesses, but there was no business relationship between them. His evidence also established that Nolan did not file her first amended petition naming Hughes as the owner of the restaurant where she was injured and Hughes was not served and had no knowledge of Nolan's claims within the two-year limitations period.

In response, Nolan argues she sued Hughes when she named "Rolando's Mexican Restaurant" as the "primary party" in

---

**2.** Hughes specially excepted to Nolan's first amended petition, but no special exceptions as to the original petition appear in the record on appeal.

her original petition. First, she relies on her original petition to support her contention that she brought suit in the name of the establishment—"Rolando's Mexican Restaurant"—an unincorporated business in its common name and named the Lopezes not as individuals but as "being associated with the operation of the Defendant restaurant." The record does not support her argument.

As noted above, Nolan named the Lopezes "owners/operators of 'Rolando's Mexican Restaurant' AKA 'Rolando's Mexican Restaurant and Club'" as "Defendants" in the style of her original petition. As "parties," Nolan alleged the "Defendants are Rolando and Linda Lopez owners and operators of [the restaurant]...." In the "facts" section, Nolan alleged that "[a]s Owners/Operators of 'Rolando's Mexican Restaurant' in Farmersville on March 22, 200[7][,] Defendants had a duty to protect Plaintiff...." Further, "Defendants' [sic] failed to adequately protect [Nolan] ... [and] Defendants' [sic] are liable for the damages...." In her prayer, Nolan requests that "Defendants be served and notified of this cause of action and that they be directed to answer this cause...."

Construing Nolan's original petition as a whole, we conclude she sued the Lopezes individually, alleging they owned and operated the restaurant where and when she was injured and were thus liable for her damages. *See id.*[3]; *see also Dillard v. Smith,* 146 Tex. 227, 205 S.W.2d 366, 367–68 (1947) (individuals alleged to be operating and doing business under a trade name are defendants; their business was not an "entity apart"). We reject her argument that she sued "Rolando's Mexican Restaurant" as an assumed or common name.

Next, Nolan relies on rule of civil procedure 28, which provides that if an entity conducts business under an assumed or common name, it may be sued in that name. *See* Tex.R. Civ. P. 28.[4] She relies on this rule to support her assertion that she could "re-name" a party sued in its assumed or common name—"Rolando's Mexican Restaurant"—under its correct name—Hughes—after limitations had run. However, rule 28 does not apply here because we have already rejected the premise of Nolan's argument, namely, that she sued "Rolando's Mexican Restaurant" as an assumed name in her original petition. As discussed above, we have already concluded her original petition sued the Lopezes as individuals. *See Boyattia,* 18 S.W.3d at 733. Therefore, Nolan first named Hughes as an individual and under an assumed name or names in her first amended petition, in which she added him as an "alternative/additional defendant" and pleaded in the alternative that he was the owner or operator of the restaurant where she was injured. *See id.; see also* Tex.R. Civ. P. 48 (pleading in the alternative).

■ Additionally, Hughes's evidence showed he conducted business under the name "Rolando's Mexican Grill." Nolan provided no evidence to show that Hughes

---

**3.** *See also Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985) (stating land's owner or occupier has duty to keep premises under his control in safe condition; duty may subject owner to liability in negligence in two situations, arising under either premises defect or activity or instrumentality).

**4.** Rule 28 provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Tex.R. Civ. P. 28.

did business under the assumed name of "Rolando's Mexican Restaurant." Nolan's reliance on *Hughes's* styling of his pleadings as "Dennis Hughes, operating under assumed name 'Rolando's Mexican Grill' a/k/a "Rolando's Mexican Restaurant" as evidence that Hughes's assumed name was "Rolando's Mexican Restaurant" is misplaced. The record shows he was merely repeating the style Nolan used in her first amended petition. Moreover, Hughes's pleadings are not regarded as summary judgment evidence. *See, e.g., Meyer v. Kupatt,* 549 S.W.2d 263, 265 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.).

Nolan also asserts that her amended pleading naming Hughes as a party "related back" to the date of her original petition, pursuant to section 16.068 of the civil practices and remedies code.[5] However, Nolan's reliance on section 16.068 is misplaced because, as noted earlier, "an amended pleading adding a new party does not relate back to the original pleading." *See Bailey,* 332 S.W.3d at 400; *Alexander,* 146 S.W.3d at 121–22.

Lastly, Nolan asserts the facts here are consistent with misnomer, not misidentification. To the contrary, the record shows conclusively this is a case of misidentification, not misnomer. And in misidentification cases, there is no tolling of limitations such that a subsequent amendment relates back to the date of the original petition when the plaintiff sues an incorrect entity and there are two separate but related entities that use a similar trade name unless the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *See Bass,* 133 S.W.3d at

273; *Chilkewitz,* 22 S.W.3d at 830. Hughes established that there were two separate and unrelated entities that used similar trade names and that he had no notice of the suit until he was served with the first amended petition on April 25. It was Nolan's burden to produce evidence raising a fact issue as to this point; she did not do so. *See Bass,* 133 S.W.3d at 273; *Chilkewitz,* 22 S.W.3d at 830. Accordingly, we conclude the misidentification doctrine does not "save" Nolan's suit against Hughes from his limitations defense. *See Bailey,* 332 S.W.3d at 400–01.

## III. CONCLUSION

We have concluded Hughes established his affirmative defense of limitations as a matter of law, and we have rejected Nolan's arguments to the contrary. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a); *Velsicol Chem. Corp.,* 956 S.W.2d at 530; *Moreno,* 787 S.W.2d at 351; *Woods,* 769 S.W.2d at 518. We resolve Nolan's single issue against her. We affirm the trial court's judgment.

---

**5.** Section 16.068 provides:

    If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem.Code Ann. § 16.068 (West 2008).