**Jessica CHAVEZ, Appellant**

v.

**Kenneth ANDERSEN, Appellee**

**NO. 14-16-00008-CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed April 25, 2017

Cynthia Frederick, Ronald G. Fitzgerald, Houston, TX, for Appellant.

John D. Wittenmyer, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost, and Justices Brown and Jewell.

## OPINION

Marc W. Brown, Justice

Appellant Jessica Chavez filed suit against Josie Andersen,[1] alleging personal injuries from a vehicular collision. More than two and a half years after the colli-

sion, Chavez amended her pleadings to name Josie's husband, Kenneth Andersen, as a new defendant and sought to recover for personal injuries from the same incident. Kenneth pleaded the affirmative defense of statute of limitations and filed a traditional motion for summary judgment on that defense. The trial court granted the motion. Chavez now challenges that ruling, arguing her claims are not time-barred based on the relation-back doctrine. We affirm the trial court's grant of summary judgment.

## I. Background

On February 6, 2014, Chavez filed her original petition against Josie. Chavez alleged that on or about February 8, 2012, Josie negligently rear-ended Chavez's vehicle, resulting in personal injuries to Chavez. On August 21, 2014, Chavez filed a first amended petition adding Kenneth as a defendant. In her amended petition, Chavez alleged that it was Kenneth (rather than Josie) who negligently rear-ended Chavez's vehicle and caused her injuries.

Kenneth answered with a general denial and also asserted that Chavez's claim was barred by the affirmative defense of statute of limitations. Kenneth filed a traditional motion for summary judgment based on limitations and attached Chavez's first amended petition, which showed the date Chavez alleged that the injuries occurred and the date Chavez sued Kenneth. Kenneth argued that Chavez had to have filed her personal-injury suit against him by February 8, 2014, to avoid limitations, but that Chavez did not sue him until August 21, 2014. Chavez filed a response and attached: her original petition; the Liberty

---

1. Chavez filed her original petition against "Josie Anderson." However, the correct name of this defendant is Josie Andersen. Chavez filed a notice of nonsuit with prejudice as to her claim against Josie, and the trial court granted the nonsuit. Josie is not a party to this appeal.

Mutual automobile insurance policy in effect at the time for the named insureds Josie and Kenneth; three letters from Liberty Mutual to Chavez's counsel dated February 13, 2012, August 21, 2012, and December 17, 2012, regarding Chavez's insurance claim for injuries; Chavez's second amended petition, and copies of case law cited in the response. Kenneth filed a sur-reply to Chavez's response and attached case law in support.

The trial court granted Kenneth's motion for summary judgment.[2] Chavez timely appealed.

## II. ANALYSIS

Chavez states in her "Statement of the Case" that she brings three issues, but she does not include an "Issues Presented" section or further delineate any particular issues presented for review in her brief. *See* Tex. R. App. P. 38.1(d), (f). Liberally construing Chavez's brief, we conclude she is asserting that the trial court erred by granting summary judgment against her in favor of Kenneth.[3] We disagree.

■ We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). We review the evidence presented in the light most favorable to the party against whom the summary judgment was rendered, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann*, 289 S.W.3d at 848. A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *See* Tex. R. Civ. P. 94; *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant/movant must prove when the claim accrued and, if the plaintiff pleads the discovery rule, then the defendant/movant must conclusively negate it.[4] *See KPMG Peat Marwick*, 988 S.W.2d at 748. If the defendant/movant establishes that the statute of limitations bars the action, then the burden shifts and the plaintiff/nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

■ The statute of limitations for a personal-injury claim is two years after the day the claim accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2017). There is no dispute that the two-

2. Chavez filed a motion to reconsider and a motion for new trial. The record reflects that the trial court signed an order denying Chavez's motion to reconsider. There is no written ruling on Chavez's motion for new trial, which was denied by operation of law. Chavez does not challenge either ruling on appeal.

3. In addition, Chavez seemingly takes issue with the timing of Kenneth's sur-reply and his discussion of misidentification as "a wholly new argument" in that filing, and asserts that she was not afforded an opportunity to respond. Chavez seems to suggest that Kenneth was required to negate misidentification as an exception to the relation-back doctrine before Chavez even raised her relation-back argument in response to Kenneth's motion based on his statute-of-limitations defense. To the extent that Chavez is making this argument, we conclude she has not adequately briefed it by including citations to authority and to the record and providing substantive legal analysis. *See* Tex. R. App. P. 38.1(i); *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

4. Chavez did not plead or otherwise raise the discovery rule.

year limitations period in this case began on February 8, 2012, the date of the vehicular accident. It is also undisputed that Chavez sued Kenneth on August 21, 2014, more than six months after the limitations period expired.

Texas courts consistently have held that a personal-injury suit is properly barred as a matter of law based on limitations under similar circumstances—where the plaintiff-automobile-accident claimant mistakenly identifies and names someone other than the intended defendant as the defendant in the original petition and the plaintiff does not amend the petition to name the proper defendant until after the expiration of limitations. *See Marez v. Moeck*, 608 S.W.2d 740, 741–42 (Tex. Civ. App.—Corpus Christi 1980, no writ) (upholding judgment on basis of limitations where plaintiff originally sued father instead of son actually driving the vehicle); *see also, e.g., Brown v. Valiyaparampil*, 507 S.W.3d 773, 776–77 (Tex. App.—El Paso 2015, pet. denied) (same where plaintiff originally sued son instead of father actually driving the vehicle); *Eggl v. Arien*, 209 S.W.3d 318, 319–20 (Tex. App.—Dallas 2006, pet. denied) (same where plaintiff originally sued person listed on insurance card instead of person actually driving the vehicle); *Fleener v. Williams*, 62 S.W.3d 284, 287 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (same where plaintiff originally sued mother in whose name car had been rented instead of daughter actually driving the vehicle); *Cortinas v. Wilson*, 851 S.W.2d 324, 326–28 (Tex. App.—Dallas 1993, no writ) (same where plaintiff originally sued parents instead of daughter actually driving the vehicle).

■ In her live pleading (second amended petition) and summary-judgment response, Chavez asserted that section 16.068 of the Texas Civil Practice and Remedies Code applied such that her amended pleading naming Kenneth as a party related back to the date of her original petition. Texas's "relation back" doctrine, as set forth in section 16.068, entitled "Amended and Supplemental Pleadings," provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (West 2015). With limited exceptions, section 16.068 does not apply under the circumstances where a new party is added. Generally, section 16.068 "addresses adding claims, not parties." *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *11 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied) (mem. op.) (refusing to apply section 16.068 in holding claims under federal debt collection practices act were time barred where plaintiff was not added until after one-year statute of limitations); *see Pfister v. De La Rosa*, No. 04-11-00475-CV, 2012 WL 2834762, at *2–3 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (same in upholding summary judgment where correct defendant not served until after four-year statute of limitations in contract claim); *Nolan v. Hughes*, 349 S.W.3d 209, 214 (Tex. App.—Dallas 2011, no pet.) (rejecting argument that section 16.068 permits relation back when the amended pleading names a new party as defendant after expiration of limitations).[5]

5. Chavez's cited authorities applying section 16.068 are distinguishable because they in-

Unless an exception applies, an amended pleading adding a new party does not relate back to the original pleading. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011). Therefore, unless Chavez can establish that her amendment naming Kenneth as a new defendant falls within an exception, she cannot rely on relation back under section 16.068.

■ Chavez suggests she falls within the misnomer exception to the relation-back rule. *See id.* ("Misnomer is an exception, misidentification a more limited one."). "If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). Instead of just misnaming the defendant in her original petition, however, Chavez named, sued, and served the wrong person as the allegedly negligent driver. The facts do not support Chavez's amendment falling within the misnomer exception. *See Brown*, 507 S.W.3d at 775 (suing actual driver's son was not misnomer); *Fleener*, 62 S.W.3d at 286 n.2 (same with actual driver's mother); *Cortinas*, 851 S.W.2d at 326–27 (same with actual driver's parents); *Marez*, 608 S.W.2d at 742 (same with actual driver's father). Therefore, the misnomer exception does not apply.[6]

■ Suing the wrong party through misidentification usually has harsh consequences. *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam). "If . . . the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled." *Enserch*, 794 S.W.2d at 5. In cases involving a vehicular accident, as here, suing a party believed to have been the driver but who was not the actual driver constitutes misidentification. *See Brown*, 507 S.W.3d at 775; *Eggl*, 209 S.W.3d at 319; *Fleener*, 62 S.W.3d at 286; *Cortinas*, 851 S.W.2d at 326–27; *see also Marez*, 608 S.W.2d at 742 ("mistaken identity").

■ In her second amended petition and summary-judgment response, Chavez asserted that amending her petition to name Kenneth as an additional and proper defendant did not prejudice Kenneth because he knew he was the tortfeasor, he was married to Josie, and he was a named insured on the policy. Chavez does not cite to any authorities or to any particular summary-judgment evidence to support the notion that this alleged lack of prejudice enables her to avoid limitations.

■ On appeal, Chavez invokes *Continental Southern Lines, Inc. v. Hilland*,

---

volved circumstances where plaintiffs amended pleadings to assert a new claim against the original defendant, not to add a new party. *See, e.g., Lexington Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242, 245 (Tex. 2013) (per curiam) (plaintiff amended petition against same common carrier to add claim for damage to cargo under Interstate Commerce Act); *Pena v. Cty. of Starr*, No. 04-12-00462-CV, 2013 WL 6672476, at *5 (Tex. App.—San Antonio Dec. 18, 2013, no pet.) (mem. op.) (plaintiff amended petition against same former employer to add violations of Family Medical Leave Act and Americans with Disabilities Act).

**6.** In her appellate brief, Chavez states that she did not plead misnomer in the trial court but instead pleaded "as more commonly stated, relation back, or, Texas Civil Practice & Remedies Code, § 16.068." However, in her second amended petition, Chavez alleged that she originally brought suit against Josie as "a misnomer."

528 S.W.2d 828 (Tex. 1975). The *"Hilland* rule" has been applied as an exception to the general rule that misidentification will not toll limitations. In *Hilland*, the plaintiff timely sued the wrong defendant (Texas corporation Continental Trailways, Inc.), but did not amend her petition to name the proper defendant (Louisiana corporation Continental Southern Lines, Inc.) until after the limitations period expired. *Id.* at 829. After noting that the correct defendant "made a conscious effort to make it appear to the public and to their customers that they are 'Continental Trailways,'" the Supreme Court of Texas held that the plaintiff should have the opportunity to prove the correct defendant "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Id.* at 830–31. The Court later clarified the *Hilland* rule—stating that the statute of limitations will be tolled in misidentification cases if: (1) there are two separate, but related, entities that use a similar trade name and the correct entity (2) had notice of the suit and (3) was not misled or disadvantaged by the mistake. *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam) (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999)); *Douglas v. KPH Consolidation, Inc.*, No. 14-12-01016-CV, 2013 WL 5883852, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op.). We conclude that Chavez has not established this equitable exception to the misidentification rule.

"Prejudice is a relevant issue only when an intended corporate or business-entity defendant and the defendant actually named in the plaintiff's petition have a business relationship." *Cortinas*, 851 S.W.2d at 327; *see Enserch*, 794 S.W.2d at 6 ("Additionally, the necessary business relationship exists between the two corporate defendants."); *Matthews Trucking Co., Inc. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984) (refusing to apply *Hilland* when "[t]here is no business connection or relationship between the two companies"); *Cummings v. HCA Health Servs. of Tex., Inc.*, 799 S.W.2d 403, 406 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("Since the original holding in *Hilland*, the Court has implied an additional requirement that a business relationship must exist between the erroneously named defendant and the correct defendant."). There is no dispute that Josie and Kenneth are individuals, not corporate entities that use a similar trade name or companies with a "business connection or relationship."

Our sister courts have refused to extend the *Hilland* rule where, as here, a plaintiff involved in a vehicular accident mistakenly names and sues the wrong individual as the driver and later seeks to amend pleadings to add the right party outside the limitations period. *See Fleener*, 62 S.W.3d at 287 (finding "no compelling policy reason to extend the *Hilland* rule to misidentification of individual defendants"); *Cortinas*, 851 S.W.2d at 327 (narrow "lack of prejudice" *Hilland* exception "is rooted in the understandable confusion that occurs when a company does business and holds itself out to the public under a trade name"); *see also Kilpatrick v. Vasquez*, No. 01-09-00731-CV, 2011 WL 1233468, at *6 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.) (citing *Fleener*, 62 S.W.3d at 286–87); *Eggl*, 209 S.W.3d at 319 (citing *Cortinas*, 851 S.W.2d at 327); *Brown*, 507 S.W.3d at 775–76 (noting that "[t]his type of purposeful identity confusion generally does not exist with individuals"). We likewise decline to extend the *Hilland* rule to misidentification of individ-

ual defendants under these circumstances.[7]

Kenneth conclusively established that the statute of limitations had expired when Chavez sued him, and Chavez failed to raise a fact issue to avoid limitations. We conclude that the trial court properly granted summary judgment in Kenneth's favor. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Pfister*, 2012 WL 2834762, at \*1, 3; *Nolan*, 349 S.W.3d at 212, 214; *Kilpatrick*, 2011 WL 1233468, at \*5–6.

### III. CONCLUSION

Therefore, we overrule Chavez's issue and affirm the trial court's summary judgment.

---

7. Even assuming solely for purposes of our analysis that the *Hilland* exception were applicable in the circumstances here, Chavez did not raise a fact issue that Kenneth had notice of the suit against Josie. *See Pfister*, 2012 WL 2834762, at \*3; *Nolan*, 349 S.W.3d at 214. Even viewed in the light most favorable to Chavez, that Kenneth was a named insured on the policy does not equate to notice of the suit against Josie. Correspondence from 2012 between the insurer and Chavez's attorneys concerning her insurance claim for injuries predated Chavez's original February 2014 petition against Josie and could not be the basis for any notice by Kenneth of the suit.