**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 13, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00611-CR

### IN RE MICHAEL HOWELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 15741750**

## MEMORANDUM OPINION

On August 6, 2019, relator Michael Howell filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Amy Martin, presiding judge of the 263rd District Court of Harris County, to set aside her July 24, 2019 order allowing relator to proceed pro se. The petition is denied.

## BACKGROUND

On February 22, 2018, relator was indicted for theft in the aggregate of at least $2,500 and less than $30,000 between October 22, 2016 and December 22, 2016. Relator was arrested on June 28, 2018 and released on a personal bond. On July 9, 2018, the trial court appointed Jermone Godinich, Jr. to represent relator.

Relator has complained to the trial court about Godinich's representation of him. On April 4, 2019, relator asked the trial court to appoint him new counsel. The trial court denied relator's request for new counsel. On July 10, 2019, relator filed a request for a "*Marsden* Hearing"[1] to address his request for new counsel.

The trial court held a hearing on July 18, 2019. According to relator, he attempted to raise his concerns about the deficiencies in Godinich's performance, but the trial court gave him the following three options, which did not include the appointment of new counsel: (1) proceed pro se; (2) retain counsel; or (3) continue with Godinich's representation of him.

On July 23, 2019, relator filed a motion to proceed pro se, in which he complained in detail that Godinich's representation was inadequate. At a hearing on July 24, 2019, the trial court granted relator's motion to proceed pro se. Howell asserts that he was forced into proceeding pro se.

---

[1] A *Marsden* hearing take its name from a California Supreme Court opinion in which the court held that it is an abuse of discretion for a judge to deny a motion for substitution of attorneys solely on the judge's courtroom observations, despite a defendant's offer to relate specific instances of conduct. *See People v. Marsden*, 465 P.2d 44, 48 (Cal. 1970); *see also People v. Sanchez*, 264 P.3d 349, 350 (Cal. 2011) (concluding that the trial court must conduct a *Marsden* hearing only when there is at least some clear indication by the defendant, either personally or through counsel, that the defendant wants a substitute attorney).

ANALYSIS

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). "An act is ministerial 'when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding) (quoting *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). In other words, a relator must show that "he has 'a *clear* right to the relief sought'—that is to say 'when the facts and circumstances dictate but one rational decision' under equivocal, well-settled law (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principals." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 947, 948 n.2 (Tex. Crim. App. 1992)).

A defendant who is displeased with his appointed counsel must bring the matter to the attention of the trial court and has the burden of proof to show that defendant is entitled to a change of counsel. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982). An indigent defendant's right to counsel does not compel the trial court to appoint counsel agreeable to the accused. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A trial court's ruling on a motion to substitute counsel is reviewed for an abuse of discretion. *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

Relator has not brought a sufficient record establishing his right to mandamus relief.  *See In re Henry*, 525 S.W.3d 382, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).  There is no reporter's record of either the July 18, 2019 or July 24, 2019 hearing or any other relevant hearing that took place in the trial court.  *See* Tex. R. App. 52.7(a)(2).  Relator also has not provided a copy of the July 24, 2019 order granting his motion to proceed pro se.  *See* Tex. R. App. P. 52.3(k)(1)(A).  The reporter's records and the order are not necessarily the only items that relator has not provided.  *See* Tex. R. App. P. 52.7(a)(1).  Furthermore, relator has attached to his petition Exhibits B, F, G, and H, which are affidavits and other documents that were not before the trial court and that we may not consider in this proceeding.  *See Whitehead v. State*, 130 S.W.2d 886, 873 (Tex. Crim. App. 2004).

From this record we cannot tell if relator had a clear right to relief.  *See Young*, 236 S.W.3d at 210.  Therefore, relator did not meet the ministerial-act prong of the requirements for mandamus relief.

Finally, the right to mandamus relief generally requires a predicate request for action by the trial court and the trial court's erroneous refusal to act.  *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam).  Relator has not shown that he asked the trial court to reconsider its ruling.

Relator has not established the he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.  We also deny relator's motion for emergency relief.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).