# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00663-CV

### Kianna Broadway, Appellant

### v.

### Lean on 8, Inc. d/b/a Chick-fil-A, Appellee

## FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
## NO. 20-2036, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kianna Broadway appeals from the trial court's order granting summary judgment in favor of appellee Lean on 8, Inc. d/b/a Chick-fil-A of Kyle ("Lean on 8") in this personal-injury suit.[1] Lean on 8 moved for summary judgment on the affirmative defense of limitations. For the reasons explained below, we affirm.

## BACKGROUND

In the underlying suit, Broadway asserts that she was injured on June 4, 2018, when she purchased and consumed undercooked chicken nuggets at Lean on 8's restaurant. Broadway filed her original petition on September 14, 2020, naming Chick-fil-A, Inc. as the sole defendant. It is undisputed that on October 11, 2020, counsel for Chick-fil-A, Inc. wrote to Broadway's

---

[1] Lean on 8 asserts on appeal as it asserted in the trial court that Broadway improperly named it in the lawsuit as "Lean on 8, Inc. d/b/a Chick-fil-A," but its correct name is "Lean on 8, Inc. d/b/a Chick-fil-A of Kyle."

counsel to request that Broadway "substitute Lean on 8, Inc. in place of [Chick-fil-A, Inc.] because [Chick-fil-A, Inc.] is not the proper defendant against whom this claim should be asserted." The letter also informed Broadway that "[a]t the time of the alleged incident, Lean On 8, Inc. owned and operated the Restaurant Business as a franchisee and independent contractor of [Chick-fil-A, Inc.]." The next day, October 12, 2020, Broadway filed an amended petition adding "Lean on 8, Inc. d/b/a Chick-fil-A" as a defendant.

Lean on 8 filed an answer and special exceptions on November 5, 2020, informing the trial court that its correct name is "Lean on 8, Inc. d/b/a Chick-fil-A of Kyle," not "Lean on 8, Inc. d/b/a Chick-fil-A." It also asserted the affirmative defense of limitations. Lean on 8 subsequently filed a summary-judgment motion arguing that Broadway filed suit against it after the two-year limitations period for negligence suits had expired, even including the grace period for filing suit that the Texas Supreme Court had promulgated in its COVID emergency orders.[2] Lean on 8 attached Broadway's original petition as evidence in support of its motion. Broadway filed a response, and in support of her response, she attached the October 11, 2020 letter from Chick-fil-A Inc.'s counsel. On March 11, 2021, the trial court granted summary judgment in favor of Lean on 8.[3] This appeal followed.

---

[2] At the time Broadway filed suit against Chick-fil-A, Inc., the supreme court's Twenty-First Emergency Order Regarding the COVID-19 State of Disaster was the operative order governing the deadline for the filing or service of civil cases. *See Twenty-First Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020). It amended and renewed the supreme court's Eighteenth Emergency Order and stated, "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020." *Id.* The Eighteenth Order had extended deadlines that fell between March 13, 2020 and August 1, 2020. *See Eighteenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 122, 124 (Tex. 2020).

[3] Broadway subsequently filed a motion for new trial and a notice of appeal. That notice of appeal was docketed as No. 03-21-00265-CV, *Broadway v. Lean on 8, Inc. d/b/a Chick-fil-A of*

## STANDARD OF REVIEW

We review the trial court's ruling on a summary-judgment motion de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional summary-judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the evidence presented in the light most favorable to the party against whom the summary judgment was rendered, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *See* Tex. R. Civ. P. 94; *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must conclusively prove when the claim accrued, and if the plaintiff has pleaded or otherwise raised the discovery rule, and it applies, the defendant must conclusively negate it.[4] *See KPMG Peat Marwick*, 988 S.W.2d at 748. If the movant establishes that the statute of limitations bars the action, then the burden shifts, and the nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

---

*Kyle*. We dismissed that appeal for want of jurisdiction because the summary-judgment order did not dispose of all parties and claims. *Broadway v. Lean On 8, Inc.*, No. 03-21-00265-CV, 2021 WL 4313093, at *1 (Tex. App.—Austin Sept. 23, 2021, no pet.) (mem. op.). Broadway then nonsuited and severed Chick-fil-A, Inc. from the underlying trial-court case and filed the new notice of appeal that underlies this cause.

[4] In this case, Broadway did not plead or otherwise raise the discovery rule.

**APPLICABLE STATUTE OF LIMITATIONS**

The statute of limitations for a personal-injury claim is two years after the day the claim accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). No one disputes that the two-year limitations period in this case began on June 4, 2018, the date that Broadway alleges that she purchased and consumed chicken nuggets that caused her personal injury or that she sued Chick-fil-A, Inc. on September 14, 2020, within the applicable limitations period, as extended by the Texas Supreme Court's Twenty-First Emergency Order Regarding the COVID-19 State of Disaster. The supreme court's order stated: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020." *See Twenty-First Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020). It is also undisputed that Broadway sued Lean on 8 on October 12, 2020, almost a month after the limitations period expired.

**ANALYSIS**

Broadway asserts that the trial court erred by granting summary judgment based on expiration of the statute of limitations for three reasons. First, she asserts that her initial suit against Chick-fil-A, Inc. was a mere misnomer (suing the correct entity but misnaming it), which was not misleading or surprising, and thus her amended pleading should relate back to the original filing date and toll the statute of limitations. Second, she argues that even if her naming of Chick-fil-A, Inc. is considered a misidentification (suing the wrong entity), which normally does not toll the limitations period, she established the elements of the exception to this general rule that were first described by the Texas Supreme Court in *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex. 1975). Finally, she suggests that because the Texas Supreme Court's Twenty-Sixth

4

Emergency Order and its Twenty-Ninth Emergency Order gave the trial court discretion to modify or suspend "any and all deadlines and procedures, whether prescribed by statute, rule, or order" to December 1, 2020, and February 1, 2021, respectively, the trial court erred by granting summary judgment. We address each argument in turn.

## I.        Misnomer v. Misidentification

Texas courts distinguish between misnomer and misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). "If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition." *Id.* at 4-5; *see also University of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (observing that "an amended pleading adding a new party does not relate back to the original pleading" unless an exception applies (quoting *Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004))). But if "the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled." *Enserch*, 794 S.W.2d at 5.

This is not a case of misnomer. "Misnomer arises when a plaintiff sues the correct entity but misnames it." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). Here, Broadway is not contending that Chick-fil-A, Inc. bears legal responsibility for her alleged injuries. Broadway did not merely misname the correct defendant in her original petition, she named, sued, and served the wrong entity as the operator of the restaurant that served the food that allegedly injured her. *See Chavez v. Andersen*, 525 S.W.3d 382, 387 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding misnomer exception did not apply when plaintiff initially sued one

5

defendant and alleged personal injuries from car accident then later amended pleadings to name that initial defendant's husband as new defendant). Accordingly, we conclude that the misnomer exception does not apply in this case to toll limitations.

Misidentification generally results in a harsher consequence than misnomer. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam). The reason that courts are more flexible in misnomer cases is because "the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.* at 326. While limitations is generally not tolled in misidentification cases because the plaintiff has sued the wrong party, the supreme court has "allowed equitable tolling of the statute of limitations even in misidentification cases if the correct party had notice of the suit." *Id.* at 325 n.1 (citing *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam), and *Hilland*, 528 S.W.2d at 831). Here, Broadway asserts that even if we determine that she mistakenly sued the wrong entity, she has established that the *Hilland* rule applies in this case and therefore that the statute of limitations should be tolled.

In *Hilland*, the supreme court established a limited exception to the general rule that misidentification will not toll the running of limitations in cases in which the correct entity "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." 528 S.W.2d at 831. The supreme court further clarified the exception in *Chilkewitz*, stating the rule that limitations may be tolled in misidentification cases "when a plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." 22 S.W.3d at 830; *see also Flour Bluff*, 133 S.W.3d at 274 (same). Once Lean on 8 raised the affirmative defense of limitations, Broadway bore the burden of adducing summary-

6

judgment evidence raising a genuine issue of material fact on each of the three elements necessary to toll limitations based on the misidentification exception. *See Chilkewitz,* 22 S.W.3d at 830.

Most importantly in this case, Broadway failed to establish that the correct defendant had notice of the suit within the limitations period. *See Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.); *see also Hilland*, 528 S.W.2d at 831 (noting there was no finding that defendant "was actually notified and had a fair opportunity to defend itself before the period of limitations had run"). Although Broadway asserts that Lean on 8 had notice of the suit, she did not raise a fact question on this key element. Notice to Chick-fil-A, Inc. does not establish notice to Lean on 8. *See University of Tex. Sw. Med. Ctr. v. Taylor*, No. 05-17-01221-CV, 2018 WL 3322939, at *4 (Tex. App.—Dallas July 6, 2018, pet. denied) (mem. op.) (concluding that plaintiff failed to raise fact issue on notice in misidentification case although both defendants were represented by Office of Attorney General and same assistant attorney general and both defendants were part of UT System). The only evidence that Broadway submitted with her summary-judgment response was the October 11, 2020 letter from Chick-fil-A, Inc.'s counsel explaining that Chick-fil-A, Inc. was not the proper defendant because Lean on 8 was a franchisee and independent contractor of Chick-fil-A, Inc., and Lean on 8 was solely responsible for the day-to-day operations and management of the restaurant location where Broadway was allegedly injured; Chick-fil-A, Inc.'s counsel also offered to put Broadway's counsel in touch with Lean on 8's counsel. Nothing in this letter establishes that Lean on 8 had notice of the suit before limitations ran. *See id.* Moreover, Broadway sued Chick-fil-A, Inc. only one day before the extended limitations period ended. No evidence in the record establishes that Chick-fil-A, Inc. had been served with the lawsuit before limitations ran, much less that Lean on 8 received notice of the suit before the end of the limitations period. Without evidence that service was

7

accomplished on Lean on 8 before limitations ran, or that it otherwise received notice of the suit before limitations ran, Broadway failed to raise a fact issue on this element of her misidentification defense to limitations.[5]

## II.    The Texas Supreme Court's Emergency Orders

Broadway suggests that the trial court erred by granting summary judgment on limitations because the Texas Supreme Court's Twenty-Sixth Emergency Order and its Twenty-Ninth Emergency Order gave the trial court discretion to modify or suspend "any and all deadlines and procedures, whether prescribed by statute, rule, or order" to December 1, 2020, and February 1, 2021, respectively. *See Twenty-Ninth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 863, 863 (Tex. 2020); *Twenty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 135, 135 (Tex. 2020). Those two orders were promulgated after Broadway filed suit against Chick-fil-A, Inc., and they omitted the mandatory language contained in the Twenty-First Emergency Order (the operative order when Broadway sued) stating, "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020." 609 S.W.3d at 129. We construe Broadway's argument as contending that the trial court abused its discretion by refusing to extend the limitations period under the authority granted by the Twenty-Sixth and

---

[5] Because Broadway has not raised a fact issue on the notice element of misidentification, we need not reach the questions of whether "Chick-fil-A, Inc." and "Lean on 8, Inc. d/b/a Chick-fil-A of Kyle" are separate but related entities that use a similar trade name or whether Lean on 8 was not misled or disadvantaged by the misidentification, although we note that she presented no evidence of the latter element. *See* Tex. R. App. P. 47.1.

8

Twenty-Ninth Emergency Orders.[6]  *See* Tex. R. App. P. 38.9 (appellate courts must liberally construe briefing rules).

Here, the limitations period had expired by the time Broadway sought to have the trial court extend it.  Although courts have concluded that the emergency orders do not give courts authority to revive jurisdiction once a jurisdictional deadline has passed, we have found no authority deciding whether the emergency orders would permit the retroactive extension of the statute of limitations.  *See Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) (considering trial court's authority under emergency orders and collecting cases on courts' authority to revive jurisdiction).  We express no opinion on that issue, but even assuming that the trial court had the power to modify or suspend limitations as a deadline "prescribed by statute," the trial court also had the discretion to decline to do so under the plain language of the emergency orders.  *See id.*; *see also Kim v. Ramos*, 632 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (collecting cases in which appellate courts have interpreted emergency orders as generally permitting trial courts to extend deadlines rather than requiring them to do so).  The only restrictions stated in the relevant portions of the emergency orders are that the trial court's overall authority is "[s]ubject only to constitutional limitations" and that the trial court "must" extend a deadline if necessary to avoid "risk" to those involved in the judicial process.  *See Prescod*, 2022 WL 246858, at *6 (citing *Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 897, 897 (Tex.

---

[6] The order in place at the time the trial court ruled on Lean on 8's summary-judgment motion was the Thirty-Sixth Emergency Order, which contains the same discretionary language as the Twenty-Sixth and Twenty-Ninth Emergency Orders that Broadway relied on in her summary-judgment response. *See Thirty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 897, 897 (Tex. 2021).

9

2021)).  Broadway has not suggested either that some constitutional imperative required the trial court to extend the statute of limitations or what health risks might have been avoided by the trial court's retroactive extension of the statute of limitations that passed in September 2020.  Under these circumstances, we cannot conclude that the trial court abused its broad discretion by declining to suspend the statute of limitations in the absence of any compelling reason to do so.

## CONCLUSION

Having disposed of Broadway's arguments, we overrule her sole issue and affirm the trial court's order granting summary judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 26, 2022