COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| EDWARD GUY WALKER and MANUEL CONTRERAS, | § | No. 08-07-00113-CV |
| Appellants, | § | Appeal from |
| v. | § | County Court at Law No. 6 |
| PRESIDIUM INC., HERTZ CORPORATION, and HERTZ CLAIM MANAGEMENT COMPANY, | § | of El Paso County, Texas |
| | § | (TC # 2002-1262) |
| | § | |
| Appellees. | | |

**O P I N I O N**

Edward Walker and Manuel Contreras, collectively referred to as Appellants, appeal from

a summary judgment granted in favor of Hertz Corporation and Hertz Claim Management Company

(Hertz). For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On April 1, 2000, Edward Walker rented a car from Hertz at the El Paso International

Airport. At the same time, Walker purchased a Liability Insurance Supplement (LIS):

> Within the limits stated in this paragraph, Hertz will indemnify, hold harmless and
> defend you and any Authorized Operators FROM AND AGAINST LIABILITY TO
> THIRD PARTIES, WHICH BY DEFINITION EXCLUDES ANY OF YOUR OR
> ANY AUTHORIZED OPERATOR'S FAMILY MEMBERS RELATED BY
> BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM, FOR
> BODILY INJURY INCLUDING DEATH AND PROPERTY DAMAGE. THE
> LIMITS OF THIS PROTECTION, INCLUDING OWNER'S LIABILITY, ARE THE
> SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE
> FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE
> ACCIDENT OCCURS, UNLESS HIGHER LIMITS APPLY FOR THE CDP
> NUMBER RATE SHOWN ON THE RENTAL RECORD, IF THE ACCIDENT

RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THE AGREEMENT. (THE HERTZ OPTIONAL SERVICES BROCHURE AVAILABLE AT ANY RENTAL LOCATION SHOWS EACH STATE'S LIMIT). This will conform to the basic requirements of any applicable 'NO FAULT' law BUT DOES NOT INCLUDE 'UNINSURED MOTORIST', 'UNDERINSURED MOTORIST', 'SUPPLEMENTARY NO FAULT' AND ANY OTHER OPTIONAL COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU HEREBY REJECT THE INCLUSION OF ANY SUCH COVERAGE. If such protection is imposed by operation of law, then the limits of such protection will be the minimum required for primary coverage by the law of the jurisdiction in which the accident occurred.

To fulfill its obligations, Hertz purchased a Texas Automobile Rental Liability Excess Policy from Reliance Insurance Company. The policy provided insurance to Hertz and any person who elected to purchase the LIS as part of the rental agreement. The policy stated that Reliance would "pay damages which a 'covered person' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of bodily injury sustained by a 'covered person' . . . ." The policy defined "covered person" as "the renter" and "any other person occupying the rental vehicle." An "uninsured motor vehicle" was defined to include a "hit and run vehicle whose operator or owner cannot be identified and which hits (1) the renter, authorized driver, or any family member of either, (2) a vehicle which the renter, authorized driver, or any family member of either are occupying, or (3) the rental vehicle. This policy also provided Personal Injury Protection (PIP). Coverage was provided regardless of fault, but only for reasonable and necessary medical expenses and 80 percent of a covered person's loss of income and employment.

On April 2, 2000, Walker and his passenger, Contreras, were involved in an accident and both men submitted claims for PIP benefits. In his claim, Walker stated that the accident occurred when he ran into a ditch after swerving to avoid an oncoming vehicle. Contreras gave a similar account of the accident--they swerved to avoid a car coming in their path and ran off the road into a ditch. Hertz accepted the PIP claims, but on June 1, 2000, it denied the claims for uninsured

motorist benefits on the basis that the other vehicle did not hit the rental vehicle.

On March 29, 2002, Appellants filed a negligence suit against Hertz and other defendants to recover damages for their personal injuries.[1] In contrast to their previous statements, both men alleged that the accident occurred when Walker "swerved to his right to avoid a collision, collided with the other vehicle and because of the collision ended up driving into a ditch and striking a fence." They alleged the other driver was uninsured under the terms of the policy because he could not be found and identified. The petition claimed that Appellants sustained personal injuries as a result of the accident. The only damages they sought to recover was for their personal injuries.

In January 2005, Walker and Contreras filed separate amended petitions which made identical factual allegations as to how the accident occurred, the negligence of the other driver, the personal injuries they sustained, and their damages. Walker contended that Hertz breached its duty under the rental agreement to provide him with uninsured motorist coverage and $1 million in liability coverage. He sought actual damages, expectancy damages, consequential damages and restitution, along with attorney's fees. Similarly, Contreras alleged Hertz breached its obligation to provide uninsured motorist coverage and to provide Walker with $1 million in liability insurance. But he did not seek damages for the breach.

On November 15, 2006, Walker and Contreras jointly filed a second amended petition raising negligence and breach of contract causes of action. Their factual allegations were identical to those made in their earlier petitions, including how the accident occurred and the personal injuries they sustained in the accident. They additionally alleged that Hertz falsely represented to Walker that the insurance he purchased "covered everything." Based on this representation, Appellants asserted new

---

[1] Appellants also filed suit against Gulf Insurance Company, Allstate Indemnity Company, and Presidium, Inc. in addition to Hertz. Appellants non-suited their claims against Gulf and the trial court subsequently granted Allstate's motion for summary judgment.

claims for negligent misrepresentation, breach of express or implied warranties, and deceptive trade practices. The trial court granted Hertz's motion to strike the second amended petition on the ground that it operated as a surprise and prejudiced the company.

On February 15, 2007, Appellants filed a third amended petition making the same factual allegations raised in their previous petitions. Once again, they alleged that Hertz falsely represented to Walker that the insurance he purchased "covered everything." Based on this representation, Appellants raised claims for negligent misrepresentation, fraudulent inducement, breach of express or implied warranties, and deceptive trade practices. They also stated claims for unfair claims settlement practices, breach of the duty of good faith and fair dealing, and violation of the prompt payment provisions of the Texas Insurance Code.

In addition to their claims made against Hertz, Appellants sought to recover uninsured motorist benefits from Allstate on the basis of a policy covering Walker's wife's vehicle. Allstate filed a motion for summary judgment alleging there was no evidence that there had been physical contact between the rental vehicle and the vehicle driven by the hit and run motorist, and no evidence that Appellants had satisfied all conditions precedent to recover under the Allstate policy. The trial court granted the motion for summary judgment without specifying the basis for its ruling. Appellants filed notice of appeal but this court granted their motion to dismiss because the order was not a final judgment.[2] *Edward Guy Walker and Manuel Contreras v. Presidium, Inc., Hertz Corporation, Hertz Claim Management Company, and Allstate Indemnity Company*, No. 08-06-00027-CV, 2006 WL 2517069 (Tex.App.--El Paso Aug. 31, 2006, no pet.)(memorandum opinion). Thus, the judgment in favor of Allstate became final.

---

[2] While the appeal and motion to dismiss were pending, the trial court entered a severance order which made the judgment in favor of Allstate appealable, but Appellants did not advise this court a severance order has been entered nor did they seek to withdraw their voluntary motion to dismiss.

In a joint motion, Presidium and Hertz moved for summary judgment on both traditional and no-evidence grounds. The trial court granted summary judgment in favor of these defendants on all claims without specifying the basis for its ruling. Appellants timely filed notice of appeal from the summary judgment granted in favor of Presidium, Inc. and Hertz.

## PRESIDIUM, INC.

Appellants have raised four issues specifically challenging the summary judgment granted in favor of the two Hertz defendants, but they have not raised any issues pertinent to Presidium. In fact, their brief shows the style of the case as *Edward Walker and Manuel Contreras v. Hertz Corporation and Hertz Claim Management Company*. Because they have waived any complaint about the summary judgment granted in favor of that defendant, we affirm the summary judgment granted in favor of Presidium.

## HERTZ

Hertz based its summary judgment motion on both traditional and no-evidence grounds. *See* TEX.R.CIV.P. 166a(c) and 166a(i). Because the trial court granted summary judgment without specifying the basis for the ruling, we must affirm if any of the grounds are meritorious. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

### Breach of Contract -- Failure to Provided Uninsured Motorist Coverage

In Issue Four, Appellants challenge the implied granting of the summary judgment on no-evidence grounds. Hertz's no-evidence motion included a challenge to each element of the breach of contract cause of action. Appellants characterize the motion as an improper "shotgun" motion. Rule 166a(i) requires that "[t]he motion must state the elements as to which there is no evidence." TEX.R.CIV.P. 166a(i). The moving party must specifically state the elements as to which there is no evidence. *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006,

pet. denied); *see* TEX.R.CIV.P. 166a(i). Rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case. Hertz's motion plainly lays out the elements of the breach of contract cause of action and the specific elements of that cause of action challenged by the motion. Hertz included argument and offered evidence relevant to the challenged element. The motion thus complies with Rule 166a(i).

When reviewing a no-evidence motion for summary judgment, we must disregard all contrary evidence and inferences, and review the evidence in the light most favorable to the non-movants. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Once the moving party specifically states the elements as to which there is no evidence, the burden shifts to the non-movants to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged. *Gray*, 225 S.W.3d at 616. If the non-movants produce more than a scintilla of evidence regarding the challenged element, a genuine issue of material fact is raised. *Id*. Less than a scintilla of evidence exists if the evidence is so weak as to create no more than a mere surmise or suspicion. *King Ranch, Inc.*, 118 S.W.3d at 751. However, when the evidence rises to a level that enables reasonable minds to differ in their conclusions, then more than a scintilla of evidence exists. *Id*. If the non-movants do not produce more than a scintilla of evidence to raise a genuine issue of material fact, the trial court "must" grant the motion. *Larned v. Gateway East, Inc.*, 186 S.W.3d 597, 601 (Tex.App.--El Paso 2006, no pet.); *see also* TEX.R.CIV.P. 166a(i).

Appellants sued Hertz for breach of contract based on their allegation that Hertz breached the rental agreement and the LIS by failing to provide Walker with the coverage he purchased, including uninsured motorist coverage.[3] Hertz's no-evidence motion challenged each element of the

---

[3] Appellants' pleadings also allege Hertz breached the contract by denying Appellants' claims for uninsured motorist benefits. This particular claim is not addressed in connection with Issue Four but will be resolved in our discussion of Issue Two.

breach of contract claim. The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex.App.--El Paso 2000, no pet.): *Prudential Securities, Inc. v. Haugland*, 973 S.W.2d 394, 396 (Tex.App.--El Paso 1998, pet. denied). Appellants did not produce any evidence that Hertz breached the rental agreement by failing to provide the insurance coverage that it agreed to provide. To the contrary, Hertz produced a summary judgment affidavit by Don Bailey, custodian of records for Hertz Claims Management Company, stating that all coverages requested by Walker were purchased by Hertz. Bailey attached to his affidavit the policy purchased from Reliance Insurance Company on behalf of Walker. That policy included uninsured motorist coverage. Because Appellants did not produce any evidence that Hertz failed to provide Walker with the insurance coverage he purchased, the trial court properly granted summary judgment on the breach of contract claim. Issue Four, as it pertains to the breach of contract cause of action, is overruled.

*Limitations*

In their third amended petition, Appellants alleged the following claims in addition to the negligence claim: breach of contract, negligent misrepresentation, fraud and fraudulent inducement, breach of express or implied warranty, DTPA violations, unfair claims settlement practices, breach of duty of good faith and fair dealing, and violation of the prompt payment statute. These causes of action were based upon Hertz's denial of their claims for uninsured motorist benefits. Hertz filed a traditional summary judgment motion on the ground that the breach of contract and extra-contractual claims are barred by limitations.

The standard of review for traditional summary judgment is well established. *Nixon v. Mr.*

*Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Duran*, 921 S.W.2d at 784. All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.*; *Duran*, 921 S.W.2d at 784.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *University of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *KPMG Peat Marwick v. Harrison County Housing Finance Corporation*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748. If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

Ordinarily, the statute of limitations begins to run when a particular cause of action accrues. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Fraga v. Drake*, ---- S.W.3d ----, 2008 WL 2966989 (Tex.App.--El Paso 2008, no pet.). A cause of action generally accrues when a wrongful act causes a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). A breach of contract claim

accrues when the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). Causes of action under the Insurance Code and DTPA claims based on a denial of insurance coverage or benefits accrue on the date the insurer denies coverage. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)(bad faith claim); *Stevens v. State Farm Fire & Casualty Company*, 929 S.W.2d 665, 671 (Tex.App.--Texarkana 1996, writ denied)(Insurance Code and DTPA claims). The limitations period for Appellants' breach of contract, fraud, and fraudulent inducement claims is four years. TEX.CIV.PRAC.&REM.CODE ANN. § 16.004 (Vernon 2002). The other extra-contractual tort and statutory claims asserted by Appellants must have been filed within two years after they accrued. TEX.BUS.&COM.CODE ANN. § 17.565 (Vernon 2002)(DTPA actions are subject to two year statute of limitations); TEX.CIV.PRAC.&REM.CODE ANN. § 16.003(a)(Vernon 2002)(tort claims are subject to two year statute of limitations); TEX.INS.CODE ANN. § 541.162 (Vernon 2008)(two year statute of limitations for unfair method of competition or unfair or deceptive act or practice claims under the Insurance Code).[4]

With the exception of the negligence claim pled in the original petition and the breach of contract claim addressed in connection with Issue Four, all of Appellants' claims are based on Hertz's denial of uninsured motorist benefits on June 1, 2000. Their breach of contract and extra-contractual tort and statutory claims accrued on June 1, 2000. They did not amend their pleadings to include the breach of contract claim until January 12, 2005, and they did not amend their pleadings to include the extra-contractual claims until November 2006. Relying on Section 16.068 of the Civil Practice and Remedies Code, Appellants contend that these claims are not barred by limitations

---

[4] Section 541.162 provides: (a) A person must bring an action under this chapter before the second anniversary of the following: (1) the date the unfair method of competition or unfair or deceptive act or practice occurred; or (2) the date the person discovered or, by the exercise of reasonable diligence, should have discovered that the unfair method of competition or unfair or deceptive act or practice occurred.

because they relate back to the claims contained in their original petition. Section 16.068 provides that new facts or claims raised in a subsequent pleading relate back to a timely filed pleading and are not barred unless the amendment or supplemental pleading "is wholly based on a new, distinct, or different transaction or occurrence." TEX.CIV.PRAC.&REM.CODE ANN. § 16.068 (Vernon 2008).[5] An original pleading tolls the limitation period for claims asserted in subsequent, amended pleadings as long as the amended pleading does not allege a wholly new, distinct, or different transaction. *Alexander v. Turtur & Associates*, 146 S.W.3d 113, 121 (Tex. 2004). A transaction is defined as a set of facts that gives rise to the cause of action premised thereon. *Texas Disposal Systems Landfill, Inc. v. Waste Management Holdings, Inc.*, 219 S.W.3d 563, 587 (Tex.App.--Austin 2007, pet. denied.). Consequently, Section 16.068 will preserve the breach of contract and extra-contractual claims only if they arose out of the same transaction as the negligence action.

Appellants argue that all of their claims are based on the rental agreement transaction. We disagree. The negligence cause of action asserted in the original petition relates exclusively to the accident caused by the negligence of the unknown motorist. Appellant sought to recover damages for their personal injuries through the insurance policy issued by Allstate. Other than alleging that Appellants were traveling in a rental car when the accident occurred, the petition did not include any allegations or causes of action related to the rental transaction, the purchase of insurance as part of the rental transaction, or Hertz's denial of their claims for uninsured motorist benefits. The accident which forms the basis for Appellants' negligence causes of action is separate from the rental transaction. Further, the breach of contract and extra-contractual claims asserted in the amended

---

[5] Section 16.068 provides: If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

pleadings are based on Hertz's failure to pay insured motorist benefits, not on the accident or the rental transaction. We conclude that the rental transaction and accident are separate from Hertz's failure to pay insured motorist benefits. Because the breach of contract and extra-contractual claims do not arise out of the same transaction as the negligence action, those claims do not relate back to the original petition. Hertz conclusively established that the statute of limitations applicable to each cause of action bars the breach of contract and extra-contractual causes of action asserted in the amended pleadings. The trial court did not err in granting summary judgment as to these causes of action. Issue Two is overruled. Having determined that the trial court properly granted summary judgment in favor of Hertz on the no-evidence and limitations grounds, we will not address the remaining arguments raised in Issues One and Three. We affirm the judgment of the trial court.

April 16, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment